UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRADLEY HENRY,                                    :
                                                  :
                              Plaintiff,          :
                                                  :        MEMORANDUM & ORDER
             -against-                            :
                                                  :        10-cv-4718 (ENV)
UNITED STATES OF AMERICA, et al.,                 :
                                                  :
                              Defendants.         :
                                                  :
                                                  :
------------------------------------------------------------x

VITALIANO, D.J.,

    Plaintiff Bradley Henry brings claims against the United States, the former

Immigration and Customs Enforcement agency ("ICE") and its parent

organization, the Department of Homeland Security ("DHS") based on an allegedly

tortious act committed by a prison guard at the Pike County Correctional Facility

("PCCF"), which is located in Lords Valley, Pennsylvania. Henry alleges,

specifically, that, on October 16, 2007, a detainee named "Mackerly" physically

assaulted him, and that an officer, identified in the complaint as Officer Romero,

failed to intervene. Plaintiff sues under the Federal Tort Claims Act ("FTCA"), 28

U.S.C. § 1346(a), for Officer Romero's alleged negligence.

    By letter dated December 5, 2011, defendants requested that the Court

dismiss plaintiff's claims, pursuant to FED. R. CIV. P. 12(b)(1), for lack of subject

matter jurisdiction. Defendants argued that PCCF, as a state-run contract facility

housing immigration detainees, was an independent contractor rather than a federal

1

government agency, and, therefore, that the United States could not be subject to liability under FTCA for the acts of PCCF's employees.  At the Court's request, the United States submitted the contract governing the relationship between the United States and PCCF, in conjunction with the briefing of the parties on the Rule 12(b)(1) motion.  For the reasons discussed below, the Court dismisses plaintiff's claims for want of subject matter jurisdiction.

<u>Discussion</u>

The United States is only liable under FTCA for torts committed by its own employees,[1] and is not liable for torts committed by independent contractors.  *See* 28 U.S.C. § 2671; *Logue v. United States*, 412 U.S. 521, 528 (1973); *McCracken v. Brookhaven Sci. Assocs. LLC*, 376 Fed. Appx. 138, 140 (2d Cir. 2010).  "This [independent contractor] exemption excludes liability where the negligent treatment of a federal prisoner is the fault only of a non-federal facility holding the prisoner under contract."  *Toomer v. County of Nassau*, 2009 WL 1269946, at *14 (E.D.N.Y. 2009) (citing *Acosta v. U.S. Marshals Service*, 445 F.3d 509, 514 (1st Cir.2006)).  In some very limited circumstances, however, the United States may be held liable for the negligence of a third party acting as an agent of a federal agency.  "The standard for differentiating between an employee and an independent contractor, [for FTCA purposes,] is whether the government retains authority to control the

---

[1] Regardless of the pedigree of the alleged employee-tortfeasor, an action on that front brought pursuant to FTCA must be brought against the United States only. <u>Pierre v. Napolitano</u>, 2013 U.S. Dist. LEXIS 104299, at *64 (S.D.N.Y. 2013).  As a result, all claims against ICE and DHS are dismissed, though the allegations against these entities are subsumed in the claim against the United States.

2

day-to-day detailed physical performance of the work." *Crippen v. Nelson Realty*, 572 F. Supp. 87, 88 (E.D.N.Y. 1983). Yet, "[t]he government can require compliance with federal standards and contract specifications without being deemed to have day-to-day control." *Id.*

In sum and substance, plaintiff contends that the United States sufficiently controlled the day-to-day operations of PCCF such that the independent contractor exemption to FTCA liability does not apply. Plaintiff bases his argument on the following facts about the contract: (1) PCCF was mandated to comply with five government standards; (2) defendants retained access at all times to the PCCF facility; (3) PCCF could not release detainees without express consent from ICE; and (4) defendants retained the ability to periodically inspect the facility. (See Pl. Mem. of Law at 7-9.) None of these observations, individually or collectively, are sufficient to overcome the independent contractor exemption. Certainly, the United States may (and should) require that a contractor comply with federal standards, but it may do so without being deemed to have day-to-day control over that contractor's employees. *Crippen* at 88; *United States v. Orleans*, 425 U.S. 807, 815-16 (1976). Similarly, the fact that the United States retained access to the facility and the ability to inspect it does not equate to day-to-day control. *Logue* at 531; *De Blasio v. United States*, 67 F. Supp. 1004, 1007 (E.D.N.Y. 1985) ("[A] contract [that] required the county to meet the Bureau of Prisons' standards for the treatment of federal prisoners and gave the United States the right to inspect the premises" did not eliminate the independent contractor exemption.)

Moreover, further analysis of the contract conclusively demonstrates that the

3

United States was not authorized to exercise day-to-day control over the actions of PCCF's employees. PCCF retained the responsibility, among other things, "to accept and provide for the secure custody, safekeeping, housing, subsistence and care of federal detainees"; "for all medical treatment provided to federal detainees within the facility"; and "to provide transportation and escort guard services for federal prisoners housed at their facility." (Blake Aff. Ex. 1.) Additionally, the contract provided that PCCF "will continue to be liable for the actions of its employees while they are transporting federal prisoners."

Although the contract did mandate that PCCF conduct these responsibilities within certain federally-mandated performance standards and provided that the federal government "shall have access to the facility and to the federal detainees housed there," those facts do not convert PCCF's employees into federal government agents for purposes of FTCA. To the contrary, it is clear that PCCF maintained responsibility for the day-to-day operation of its facility, and its employees. If Henry believed that "Officer Romero," or any other PCCF employee, breached a duty owed to him, he presumably could have sued Romero or his employer directly in a court of appropriate jurisdiction in Pennsylvania. But, on the facts before the Court, Henry has not pleaded, nor on the facts he has pleaded could he ever plead, a tort claim against the United States.

4

<u>Conclusion</u>

For the reasons discussed above, plaintiffs' claims are dismissed for want of subject matter jurisdiction.

The Clerk of the Court is ordered to close this case.


SO ORDERED.

Dated:      Brooklyn, New York
            October 31, 2013

                                        s/Eric N. Vitaliano
                                        _____
                                        **ERIC N. VITALIANO**
                                        **United States District Judge**

5